IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
|                                                                ) | |
|       Plaintiff,                                        ) | |
|                                                                ) | |
| v.                                                          ) | CASE NO. 2:04-cv-263-F |
|                                                                ) | WO |
| ONE PARCEL OF PROPERTY       ) | |
| LOCATED AT 2500 LENNOX COURT, ) | |
| MONTGOMERY, MONTGOMERY    ) | |
| COUNTY, ALABAMA, with all           ) | |
| appurtenances and improvements thereon, ) | |
|                                                                ) | |
|       Defendant.                                     ) | |

**ORDER**

This cause is before the Court on AmSouth Bank's Motion to Set Aside Entry of Default (Doc. #35), filed March 23, 2005, and Motion for Extension of Time for Filing Claim (Doc. #42), filed April 6, 2005. Jurisdiction over this matter exists pursuant to 29 U.S.C. § 1331 and *in rem* jurisdiction and venue are appropriate and undisputed. Upon consideration of these motions, the Court concludes that they are due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

This is a forfeiture action arising out Amy Pitts' alleged use of the Defendant property to facilitate the commission of a crime in violation of 21 U.S.C. § 841 *et seq*, which makes the property potentially forfeitable under 21 U.S.C. § 881(a)(7). AmSouth Bank ("AmSouth") is the holder of a valid first-position mortgage against the Defendant property.

1

The United States ran a notice regarding the forfeiture at issue in the Montgomery Advertiser on April 12, 19, and 26, 2004. Additionally, AmSouth was served with the Complaint in this case on June 29, 2004. However, due to an internal oversight, the complaint was not forwarded from the legal department to the consumer collections department as is traditional operating procedure. Francisco J. Pitts timely filed a Claim (Doc. #3) to the Defendant property; AmSouth did not.

On July 9, 2004, the United States filed a Motion to Stay Proceedings (Doc. #22), which was granted by this Court's Order (Doc. #23) of July 15, 2004. All proceedings in this case were stayed until February 18, 2005.

On February 24, 2005, the United States filed an Application to the Clerk for Entry of Default (Doc. #33) as to the interests of AmSouth and others. The Clerk issued an Entry of Default (Doc. #34) on February 25, 2005.

On March 10, 2005, AmSouth's consumer collections department became aware of this action upon being contacted by counsel for Francisco Pitts. AmSouth filed its Motion to Set Aside Default on March 23, 2005, along with a Claim (Doc. #36) and an Answer (Doc. #37) to the Complaint.

## II. DISCUSSION

*A. Motion to Set Aside Clerk's Entry of Default*

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." The Eleventh Circuit has explained the good cause

standard as "a liberal one – but not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996). In determining whether good cause exists, courts consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense," as well as "whether the public interest was implicated, whether there was a significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.*

The Court concludes that an analysis of the primary factors demonstrate that AmSouth has shown good cause for the setting aside of the Clerk's Entry of Default. First, it is apparent that while AmSouth is at fault for failing to file a claim prior to the United States' Motion for Clerk's Entry of Default, the failure was not willful. According to Lee Hardegree of AmSouth, the Complaint was received by Ms. Lee Ann Petty of the legal department, but no subsequent record exists and it was not forwarded to the consumer collections department as operating procedures require. (Aff. Hardegree, 1.) Nothing indicates that the problem in this case was anything other than simple human error.[1] Second, the United States admits that it was not prejudiced in any way. (Resp. to Show Cause Order, 5.) This weighs heavily in AmSouth's favor. Third, AmSouth appears to have alleged a meritorious claim to the

---

[1]The Court is unpersuaded by AmSouth's argument that its compliance is excused by the fact that the Complaint did not set forth on its face either the name of the obligor or the time by which a claim must be filed. Had the limits of AmSouth's search capabilities caused it to be unable to ascertain what its interest was in the case, it could easily have called a representative of the United States as the Plaintiff suggests. Additionally, it is well-established that ignorance of the law is no excuse. *See, e.g., Trs. of Univ. of Ala. v. Keller*, 1840 WL 176, 3 (Ala. 1840).

property under the innocent owner defense. (Mot. to Set Aside Entry of Default, 6-8.) Therefore, setting aside the Clerk's Entry of Default would not inherently be futile.

The additional factors also weigh in favor of AmSouth.[2] AmSouth has clearly alleged that the entry of default against it precludes it from protecting its interest in the property, in an amount of over $118,000.00. (Aff. Hartz, 2.) AmSouth also moved to have the default set aside within one month of its entry. In conclusion, the Court finds that the size of AmSouth's loss when coupled with the complete lack of prejudice to the Defendant is good cause to set aside the Entry of Default in the case where the failure was not willful but one of human error. Therefore, AmSouth's Motion to Set Aside Entry of Default is due to be GRANTED.

*B. Motion to Extend Time for Filing Claim*

In addition to demonstrating good cause to have the default entered against them set aside, AmSouth must obtain leave to file its claim late before it may proceed. 18 U.S.C. § 983(a)(4) states that claims in forfeiture actions must be filed not more than thirty days after service of the complaint. As the Eleventh Circuit has explained, a district court may "require claimants in forfeiture proceedings to comply strictly with the rule's requirement" or may "exercise its discretion by extending the time for the filing of a verified claim." *United States v. $125,938.62*, 370 F.3d 1325, 1328 (11th Cir. 2004). In making this decision, district courts should consider factors including "the time the claimant became aware of the seizure,

---

[2] The Court does not find that public interest specifically dictates either outcome in this case.

4

the reasons proffered for the delay, whether the claimant had advised the court and the Government of his interest in defendant before the claim deadline, whether the Government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of a verified claim, and whether the claimant timely petitioned for an enlargement of time," as well as the amount involved. *Id.* at 1329.

Again, the Court finds that an analysis of the factors weighs in AmSouth's favor. It is undisputed that AmSouth did not notify the court or the government of its claim during the relevant period, and did not file an answer during that time that might have met the requirements of a claim. Additionally, AmSouth did not petition during that time for additional time, although it has since asked the Court to extend the time for filing. However, the United States can identify absolutely no prejudice that it would suffer if AmSouth were allowed to file an untimely claim, and permitting AmSouth to do so would given it the opportunity to enforce its claim of over $180,000.00. (Resp. to Show Cause Order, 5; Aff. Hartz, 2.) AmSouth has proffered understandable, though not excusable, reasons for its delay. Although it had actual notice of the action on June 29, 2004, when the complaint was served, through error, this notice was not conveyed to the appropriate employees until March 10, 2005.

Moreover, the Court is not limited to consideration of the above-listed factors. *See United States v. $125,938.62*, 370 F.3d at 1328. The Court acknowledges that this case was stayed on July 15, 2004, prior to the expiration of AmSouth's time to file a claim, and that

5

it continued to be stayed for a period of seven months. Although AmSouth does not offer legal authority for the proposition that this extends their deadline, the Court will take the fact of the stay into consideration in deciding whether the untimely claim should be permitted. In conclusion, the Court finds that the amount of money at issue and the lack of prejudice to the United States, when viewed in combination with the reasons proffered for the delay and the fact of the almost immediate stay in this case, justify an exercise of discretion to permit the untimely claim. Therefore, AmSouth's Motion to Extend Time for Filing Claim is due to be GRANTED.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1) AmSouth's Motion to Set Aside Entry of Default (Doc. #35) is GRANTED;

(2) the Clerk's Entry of Default (Doc. #34) is SET ASIDE only as to claimant AmSouth Bank;

(3) AmSouth's Motion for Extension of Time for Filing Claim (Doc.#42) is GRANTED; and

(4) the United States' Motion to Strike Claim and Answer of AmSouth Bank (Doc. #39) is DENIED.

DONE this 1st day of June, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE